THE STATE OF NEVADA ex rel. H. H. FLAGG v. THE BOARD OF TRUSTEES OF THE LADY BRYAN MINING COMPANY.

Term of First Board of Trustees of Mining Corporations. Section 2 of the Act of March 10, 1865, for the formation of corporations, (Statutes of 1864–5 359) clearly limits the term of the trustees selected and named in the certificate of incorporation to six months from the time of incorporation; and at the expiration of that period an election for a new board of trustees should be held.

Time of Election of Trustees of Mining Corporations. Though under Section 5 of the Act of March 10, 1865, for the formation of corporations the time for holding the election of a board of trustees to succeed the first board should be designated in a by-law, yet the time to be fixed in that way must accord with the letter and spirit of the statute, which limits the term of the first board to six months.

Discretion of Trustees as to Time of Election. Under Sections 2, 4, and 5, of the Act of March 10, 1865, for the formation of corporations, the first board of trustees of a mining corporation have some discretion as to the time to be fixed for the election of trustees to succeed themselves, yet this discretion must be reasonable, and exercised in good faith, and the time of election fixed at the expiration of the first six months, or as soon thereafter as practicable.

Mandamus to Compel Trustees to Call Election. A failure on the part of the first board of trustees of a mining corporation for a period of nearly two months, after the expiration of the first six months of the existence of the corporation, to call an election of their successors, makes out a case of neglect and failure on their part to perform their duty; and in such case they may be compelled by mandamus to call an election at the earliest practicable day.

Neglect of one Duty no Excuse for Neglect of Another. Though the Act of March 10, 1865, for the formation of corporations requires the first board of trustees, whose term is fixed at six months, to fix the time of election of their successors by a by-law, the omission to adopt such a by-law is no excuse for their failure to call the election, or any reason why a mandamus should not issue compelling them to call it.

Flagg *v.* The Board of Trustees of the Lady Bryan Mining Company.

EXTENT OF REQUIREMENTS OF WRIT OF MANDAMUS. A writ of *mandamus,* requiring a board of trustees of a mining corporation to call an election, obliges them to take the proper steps for such election in the manner provided by law.

CONSTRUCTION OF PLEADING. A petition for a *mandamus* to compel the calling of a first annual meeting of the stockholders of a mining corporation for the election of the second board of trustees alleged that such meeting should have been held on a certain day two months before; that it was not called or held; that in consequence of the failure to call it the petitioner requested the incumbent board of trustees, in writing, to call such meeting, at as early a day as practicable; and that the incumbent board refused, and continued to refuse to call such meeting, or any meeting, for the election of trustees: *Held,* that though as a pleading the petition might have been more explicit on the point that no election had been held, it was not so defective as to warrant a refusal of the writ on the ground of a want of a showing of that fact.

ANNUAL ELECTION OF TRUSTEES MUST BE HELD. On an application for a *mandamus* against the first board of trustees of a mining corporation, to compel them to call a meeting of the stockholders for the election of a new board of trustees, after the first six months had expired, the respondents objected that after the commencement of the proceedings the petitioner and others had called a meeting of stockholders, at which they voted to expel and remove the first trustees, and appoint others to act for the company, and that such action was illegal: *Held,* no answer to the petition for *mandamus,* for the reason that if such action was illegal, as claimed, it was void and of no effect, and if not illegal and void, it did not obviate the necessity of an election.

SUBSTITUTED TRUSTEES DO NOT MAKE NEW BOARD. Though all the members of a board of trustees of a mining corporation be expelled, and others appointed in their places, (as they may be under Section 5 of the Act of March 10, 1865, for the formation of corporations) the board still remains the old board, and the annual election for a new board must be held as provided by law, the same as if there had been no changes.

APPLICATION to the Supreme Court for *mandamus.* The notice of motion for the suit was addressed both to the " Board of Trustees, etc.," and to the trustees, named in the opinion, individually.

*C. J. Lansing* and *Williams and Bixler,* for Relator.

No brief on file.

*Mesick and Seely,* for Respondents.

## I.

A proceeding to procure a writ of *mandamus* is a civil action, prosecuted according to the forms of judicial proceedings, and the

rules of the Civil Practice Act are applicable to the pleadings. (*People* v. *Supervisors of San Francisco*, 27 Cal. 684, and cases cited; *Commercial Bank of Albany* v. *Canal Commissioners*, 10 Wend. 26.)

The relator must be deemed to have stated his case as strongly as it will bear, or as the facts will warrant, and his pleading is to be taken most strongly against himself. (*Green* v. *Covilland*, 10 Cal. 322.)

It is not enough that the necessary facts appear inferentially from the affidavit; they must appear clearly and affirmatively. (*State* v. *Elwood*, 11 Wisconsin, 17; *State* v. *Harvey*, 11 Wisconsin, 33.)

## II.

This action will not lie against the natural persons named as respondents, because as individuals they have no authority to do the thing demanded. The Board is not liable to this proceeding, because no demand was made or notice served on it. (Angell & A. on Cor., §§ 307, 308.)

## III.

It does not appear that the annual election has not been held. If the election has been held, no call should be made; if it has not been held, a knowledge of this fact is indispensable to the relator's case. For otherwise it does not appear that the Board has omitted the performance of any duty. If such election was held its validity and the title of the persons elected as trustees cannot be tried in this proceeding. (5 Texas, 471.)

## IV.

The laws of the State refer the matter of fixing the day of election to the discretion and action of the Board of Trustees, to be done in a by-law. The statute declines to fix the day, and no by-law has fixed it on the 3d of August. Hence there was no wrong done by omitting to call or hold the election on that day. If the law of the State had made that the day for the election, wherefore the need of any election on the part of the Board? But there is not even an averment in the petition on what day the election ought to have been held. The statement of the relator as to what the

advice of his counsel was, and his own belief as to the correctness of that advice, cannot avail him as an allegation.   And even if it be called an allegation, where is the law to support it ?   The statute leaves the fixing of the time to the sound discretion of the Board.   The Court will not say how that discretion is to be exercised or substitute its authority for that discretion, upon the facts stated in this case.

### V.

The facts set up in the answer warrant a refusal of the writ.   It is unreasonable that the relator should be heard all through the proceeding, questioning our right to act, and asking the Court to compel us to act as trustees.   His questioning our right, we contend, upsets his claim to the writ.   If the proceedings of the relator for expelling us be valid, then there is no Board upon which the writ can be served, for it does not appear that any other persons have qualified as trustees or organized as a Board.   And if those proceedings of expulsion be not valid, still we have the newly elected trustees, the relator and others claiming to be such, and thus investing the cause with the questions upon whom to serve the writ if issued, and whom to punish in case of disobedience to it—questions which ought not under the circumstances to be dealt with otherwise than by refusing the writ.

By the Court, Lewis, C. J.

Upon the proper statutory notice regularly served the relator petitions this Court for a peremptory writ of *mandamus,* commanding the defendants, who are the trustees of the Lady Bryan Company, to call and make provision for a meeting of the stockholders of the corporation for the purpose of electing their successors.

The facts upon which the writ is claimed are those substantially stated in the petition.   The Lady Bryan Mining Company is a corporation, organized on the 3d day of February, A. D. 1868, in accordance with the laws of the State of Nevada, for the purpose of mining for gold and silver in the county of Storey.   The certificate of its incorporation declares that its capital stock shall be one million eight hundred thousand dollars, divided into six thousand shares of the par value of three hundred dollars ; that the corpora

tion shall exist for the period of fifty years; that the number of trustees to manage its affairs shall be five, three of whom were named in the certificate. It is further alleged that the relator is a stockholder in this corporation, owning upwards of one hundred shares of its capital stock; that John Rule, William T. O'Neale, A. W. Baldwin, George T. Gillis, and R. M. Daggett are acting, or assuming to act, as its Board of Trustees, and that they are the only persons who are assuming or claiming to act in that capacity. The relator then states that " he is advised by his counsel, and believes the same to be true, that under the requirements of the law of the State, the first annual meeting for the election of a Board of Trustees of said company to manage its concerns for the first year then next ensuing, should have been held on the 3d day of August, A. D. 1868, but he says no such meeting was called or held." It is also charged that the trustees, having so failed to call a meeting of the stockholders, the petitioner served a paper, which was addressed to the " acting President, Secretary, and Board of Trustees of the Lady Bryan Mining Co.," upon each member of the Board, in which he requested them to make provision for and call such meeting at the earliest practicable day. But, it is alleged, " notwithstanding the demand contained in said notice, the said acting Board of Trustees have refused to call a stockholders' meeting as therein requested, or any other meeting of stockholders for the purpose of electing trustees for the said corporation, and do still so refuse."

It is argued for the relator that by the incorporation law of this State, the first election of trustees under this organization should have been held on or about the 3d day of August, A.D. 1868, six months after the time the certificate of incorporation was filed. This claim is predicated upon the language of section two of an Act to provide for the formation of corporations for certain purposes, (Laws of 1865, page 359) which declares that the certificate of incorporation shall state the names and number of trustees, *who shall manage the concerns of the company for the first six months*. The certificate whereby this corporation was incorporated being filed in the proper office on the third day of February, it is argued that the trustees named therein could hold their office only for six months,

and so that a meeting should have been called for the election of their successors on or about the third day of August. This section clearly limits the term of the trustees selected and named in the certificate of incorporation to six months from the time of incorporation, and clearly at the expiration of that time an election should have been held. But section five of the Act already referred to declares that the "annual election shall be held at such time and place within the State, and upon such notice and in such manner as shall be directed by the by-laws of the company." This language, it is urged for defendants, leaves the time of holding such elections to be determined by the Board of Trustees, who have the right to designate it by the adoption of a by-law. The law itself, it is argued, does not fix the time, and as it is not alleged in the petition that a time has been fixed by by-law, it is not shown that the Board of Trustees have neglected any duty, and as this writ will only issue to compel the performance of an act which the law especially enjoins as a "duty resulting from an office, trust or station," counsel conclude that the petition is defective in not alleging the fact that a day had been fixed by by-law for holding the election, and upon that ground a demurrer is interposed to it. It is true that the time of holding the elections should be designated in a by-law; but the time fixed in that way must accord with the letter and spirit of the Act of the Legislature, and the second section of that Act unmistakably limits the term of the trustees first selected to six months. That time expired in this case on the 3d day of August, hence at that time the election should have been held. As it is made the duty of the trustees, by section four, to adopt all necessary by-laws, they should have designated that day, or the earliest practicable day thereafter, as the time for holding the election for their successors.

We do not think the language of section five leaves the time of holding the elections absolutely in the discretion of the trustees, as claimed by the learned counsel for the defendants. So far as the first election is concerned, it certainly does not. The time when that is to be held is fixed in the law itself, at a period six months after the filing of the certificate of incorporation. This time is unequivocally specified, and we see nothing in the context of the law

to induce the belief that the Legislature did not intend precisely what it expressed. But the period of six months might expire on the Sabbath or some holiday upon which the election could not well be held—hence it becomes necessary to designate some day, and the time of the day when it shall be held. That, the trustees have the right to do by by-law, and this is the extent of the authority given them in section five. It is necessary that so far they should be allowed to exercise their own discretion ; beyond that they are controlled by the law itself. The Act of the Legislature does not require an election to be held at any time not practicable, but when it limits the term of the first trustees to six months, the time of the election should be set at as early a day as practicable after the expiration of that time. The law does not demand that which is impossible, but it exacts good faith and fair dealing. It was the duty, then, of the trustees to call an election upon the third day of August, or as soon thereafter as practicable. It is, however, charged in the petition that, at the time of its filing, which was on the 24th day of September, none had been called, and it is alleged that the trustees still refused to make such call. This, it seems to us, makes out a case for the relator. The failure for a period of nearly two months after the time designated in that law to call and provide for an election, is at least a prima facie showing of neglect and failure on the part of the trustees to perform their duty. Whether they had adopted a by-law regulating that matter or not, is of no consequence so far as this question is concerned ; for if they had failed for this length of time to call the election, it shows either that the by-law is unreasonable and not in accordance with the provision of the legislative Act, which required an election about the third day of August, or that the by-law itself had been disregarded. In either case a mandamus should issue to compel an election at the earliest practicable day. Or if no by-law had been adopted fixing a day of election, and that fact were alleged in the petition, still the failure to call such election would be no less a neglect of duty on the part of the trustees, for it is their duty to adopt such by-law, and they cannot avail themselves of the failure to do it as a reason why they should not do another act which the law imposes upon them as a duty. If the petition contained such allegation it

would simply show a double neglect of duty—that is, a failure to call an election and also to adopt a by-law, an act which should properly have preceded the same. But such by-law may be adopted at any time. The want of it is therefore no reason why the writ should not issue commanding the trustees to call an election. Indeed the by-law is simply the prescription of the time, place, and manner in which the election shall be held, while the ultimate object to be attained is the election itself.

A writ, therefore, commanding the trustees to call an election, accomplishes all that is necessary, as the law itself directs the manner in which the call shall be made—that is, by the adoption of a by-law designating the day, place, and manner. And the command to call an election necessarily includes the order to do it in the manner provided by law. This is somewhat analogous to a case where the writ is issued to a judicial tribunal, commanding it to proceed with the trial of a cause, although it may be indispensably necessary to perform many acts preliminary to the trial, and without which no trial can be had, such as the opening of Court, or the issuing of a venire for a jury, and the like. Still these are matters which are never considered, but the writ issues commanding the Court to proceed with the trial, and the law directs the manner in which it shall be conducted. Hence we conclude that the failure to allege the existence of a by-law does not render the petition defective.

It is also suggested that the petition does not show that an election has not already been had. We think otherwise. It is first alleged that the first annual meeting should have been held on the 3d day of August; that no such meeting was called or held; that in consequence of the failure of the trustees to call it, the relator requested the Board in writing to call such meeting at as early a day as practicable; that notwithstanding such request this Board have refused to call a meeting, as requested, or any other meeting of the stockholders for the purpose of electing trustees, and do still so refuse. Such is the substance of the allegations upon this point. Doubtless they might have been more explicit, but we think the fact that no annual election had been held at the time the petition was filed is sufficiently shown under the liberal rules of our Practice

Act, Section 70 of which declares that " In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties." And it is conceded that the petition in a proceeding of this kind is to be governed by the rules controlling the pleadings in an ordinary action. If, then, we give its averments this liberal construction, it can scarcely be claimed that it does not show that the annual election which should have been held on or about the 3d of August has not been held. Although not fully explicit upon this point, we do not think the petition so defective as to warrant a refusal of the writ upon that ground, at least after the defendants have answered over and thereby waived all defects in the manner of stating a fact.

The only remaining point presented for consideration is raised by an allegation in the answer to this effect, that on the fifth day of October (which was some time after the institution of this proceeding) the relator and other stockholders of the Lady Bryan Company assembled at the office of the said company, and as such stockholders proceeded to and did vote to expel and remove the old trustees, Rule, O'Neale, Baldwin, Gillis, and Daggett, from office, and elected for their successors the relator and four others, to act as trustees of the company. The defendants, however, deny the right of the stockholders to proceed in such manner, and do not admit the legality of the proceeding, or that it is binding upon them.

But this proceeding, in our opinion, constitutes no objection to the issuance of the writ in this case, for two reasons. 1st. Because the defendants themselves claim that the action of the stockholders removing them was illegal, and hence that they are still the legal Board. Such being the case, the allegation of the answer only shows that the stockholders did an act which effected nothing, being entirely nugatory and void. We do not think that the defendants ought to be allowed to avail themselves of this proceeding by the stockholders as a defence while they deny its legality, and claim, notwithstanding, to be the legal trustees. 2d. Even admitting the removal to be valid, still that does not obviate the necessity for an election. This action of the stockholders is a special pro-

Flagg *v.* The Board of Trustees of the Lady Bryan Mining Company.

ceeding, which is authorized under certain circumstances by section five of the incorporation law of this State, which declares that "it shall be competent at any time for two-thirds of the stockholders of any corporation, organized under this Act, to expel any trustee from office and to elect another to succeed him." Although under the authority of this provision all the members of a Board be expelled from office, still that should not interfere with the annual election. If any one or all of the trustees be expelled in accordance with this section only a day preceding the annual election, the election must still be held. If the expulsion be valid, the individuals only are changed, the Board continues, and the answer in this case does not show that there is not the same necessity for issuing the writ to the new Board as to the old, and without such showing we are unable to see how any change of the individuals composing the Board can affect the relator's right in this proceeding.

Entertaining these views of this question it is unnecessary to decide whether the expulsion of the old trustees was a legal proceeding or not. The defendants deny its legality, and so render that fact unavailing as a matter of defense to themselves in this proceeding; for if it were illegal and void, they still constitute the legal Board of Trustees, and to them the writ should issue.

The *mandamus* must issue commanding the Board forthwith to give notice of an election to be held upon some day within two weeks from the time the writ is issued.

WHITMAN, J., did not participate in the foregoing decision.