GEO. P. BRANDT, TREASURER OF PASS CHRISTIAN, v. W. B.
MURPHY, TREASURER OF HARRISON COUNTY.

1. TAXES ILLEGALLY COLLECTED.  *Repayment of fund.  Mandamus.*
     Where taxes illegally levied by the board of supervisors upon property in
     a town, which is a separate school district, have been paid to the county
     treasurer, and the board has entered an order disclaiming the fund and
     directing it paid over to the treasurer of the town, mandamus will lie to
     compel such payment.

2. SUIT: WHEN NOT PREMATURE.  *Refusal of officer in advance.* ·
     In such case the treasurer being directed by said order to pay within sixty
     days, and having signified his determination nòt to comply, a suit to en-
     force compliance brought within the sixty days is not premature.

3. MANDAMUS.  *For sum certain.*
     The petition for mandamus, showing the assessed value of property within
     the town, the rate of taxation and the amount improperly withheld, is
     for a sum certain and is not objectionable on demurrer.

FROM the circuit court of Harrison county.

HON. S. H. TERRAL, Judge.

The town of Pass Christian, in Harrison county, is made a sepa-
rate school district.  Section 75, of the act of 1886, makes it the
duty of the board of supervisors of each county annually to levy a
tax upon the property of the county for school purposes, and § 76
of said act makes it the duty of the board of mayor and aldermen
of any town constituting a separate school district to levy a tax on
the property within such separate school district to maintain the
schools therein.  Laws 1886, p. 51.

Under a misapprehension of the law, the board of supervisors of
Harrison county, in 1889, levied a tax for school purposes on all
property in the county, including that within the town of Pass
Christian, which constituted a separate school district.  This tax
was collected on the property of the whole county, including that
within said separate district, and was paid over by the collector to
the appellee, Murphy, as treasurer of the county.  The appellant,
Brandt, as treasurer of Pass Christian, applied to the board of su-
pervisors of the county to have the amount of said tax collected on

the property within the town paid over to him by the county treasurer. Recognizing that this part of the tax had been levied and collected without authority, the board of supervisors made an order directing the county treasurer to pay over the amount to the treasurer of the town. Appellant, as such treasurer, afterwards, on April 23, 1890, demanded the sum from the county treasurer and he refused payment. Thereupon, appellant, as treasurer of the school district, filed the petition in this case, asking for a mandamus to compel the county treasurer to pay over to him $1445.93, the amount claimed. This amount was shown in a statement giving the taxable property in the county as assessed, the amount within the separate school district, the rate of taxation and other particulars. It was certified and sworn to by the petitioner as treasurer of the town, and was made an exhibit to the petition, which set forth in substance the foregoing facts.

The defendant interposed a demurrer to the petition, which was sustained, and a judgment was entered dismissing the case. From this judgment the plaintiff appeals.

*Elliott Henderson,* for appellant.

1. The board of supervisors had no authority to levy the tax on the property within the town of Pass Christian, which was a separate school district. *Bourdeaux* v. *Meridian Land & Industrial Co.,* 67 Miss. 304.

It was the duty of the county treasurer immediately to pay over the amount claimed in this suit to the appellant as treasurer of the separate school district. Laws of 1886, p. 51, § 73.

The appellant had a right to demand the money and to institute this suit. Code 1880, § 2542; 50 Miss. 638; 51 Ib. 542, 807.

When a public officer fails to perform a duty imposed by law, and there is no other plain and adequate remedy, mandamus will lie. Code 1880, § 2542; *Swann* v. *Buck,* 40 Miss. 268; *Beaman* v. *Leake County,* 42 Ib. 237; *Klein* v. *Smith County,* 54 Ib. 254.

The purpose for which this tax was levied was a proper one; it was merely levied and collected by the wrong authority. It remains a part of the school fund, belongs to the separate school dis-

trict, and under § 73, of the act of 1886, it was the plain duty of the county treasurer to pay the same over to appellant as treasurer of the town.

The judgment of the board ordering the treasurer to pay it over, is not relied upon to sustain the right of appellant to claim the fund. The money was collected improperly, and the board had no jurisdiction in the matter, and could do nothing more than disclaim the fund. The appellant was entitled to receive it without any order of the board. If it were true that the taxes were voluntarily paid, then the treasurer of the town, as the representative of the tax-payers, is entitled to receive the money. On the question of voluntary payment of taxes, see *Tupelo* v. *Beard*, 56 Miss. 532 ; *Vicksburg* v. *Butler*, Ib. 72 ; *Jackson* v. *Newman*, 59 Ib. 385.

2. The suit was not prematurely brought. In the first place the board of supervisors had no authority to give the defendant sixty days within which to pay over the money ; but, if he had that time within which to perform the act, it will be remembered that he refused to pay over at all, and therefore it was not necessary for appellant to await the expiration of the sixty days.

3. The sum for which the suit is brought is definite and fixed ; it is set out with great particularity, and the petition is sworn to. The demurrer admits the truth of its allegations, and that the sum demanded is the true amount withheld : but if the amount were uncertain it would be competent for the court to try the issue and ascertain the amount due. *Warren County* v. *Klein*, 51 Miss. 807 ; Code 1880, § 2545.

*W. G. Evans, Jr.*, for appellee.

1. This proceeding could not be brought in the name of the appellant, because it involved a matter affecting public interests. Code 1880, § 2542.

2. It is admitted that the board of supervisors had no right to levy and collect the tax in question ; but, as it was collected and paid into the treasury of the county, it became a general county school fund. Laws 1886, p. 51, § 75.

And it can only be used in the manner provided by this statute. Ib. § 72.

3. The board had no authority to order the treasurer to pay over the money. The only authority it had in respect to this fund is given by sections 15 and 16 of the above cited act of 1886.

4. The tax being an illegal one and the payment thereof being presumed voluntary, the money belonged to the fund for which it was levied, a part of the general county school fund, and the county treasurer is not authorized to pay it over to appellant.

5. If the collection of the money was without authority, then the town of Pass Christian has no legal right to demand it. If the money was wrongfully collected from the tax-payers, it belongs to them individually, and not to the school fund or the town, provided the payment was involuntary on the part of the tax-payers; if voluntary, then the money belongs to the fund for which it was collected, being levied under § 75 of the act of 1886. We think, therefore, that the judgment should be affirmed.

Argued orally by *Elliott Henderson*, for appellant.

WOODS, C. J., delivered the opinion of the court.

The fund which it is sought in this proceeding to require the appellee to pay to appellant is admitted by the demurrer to be the product of a tax illegally levied upon and collected from the tax-payers of the town and separate school district of Pass Christian; and it is admitted, further, that the board of supervisors of Harrison county, upon a proper application made by the official representative of these wronged tax-payers, has made an order waiving and disclaiming all interest in and right to this fund, and directing its custodian, the appellee, to pay it over to the representative and agent of those persons from whom, by the board's unlawful order in making the levy, it had been collected wrongfully.

The board of supervisors has, by a formal order, declared that this fund is wrongfully held in the county treasury, and has appropriated it to those from whom it was improperly taken, and we see no difficulty in sustaining the board's action, in this matter, touching a fund to which the county is shown to have no legal right, and to which, *ex æquo et bono*, the wronged tax-payers, or their official representative and agent, are clearly entitled.

The board of supervisors having waived and relinquished all claim to the fund, and justly and properly, as we think, to whom shall it pass unless to those from whom it was originally taken? The order of the board, and the judgment of the court, under this opinion, will constitute full and complete protection to the appellee in paying over the money as prayed in the petition.

It may be proper to add, that the appellee having formally signified his purpose not to pay over, as directed by the order of the board of supervisors, there was no necessity on appellant's part to wait the expiration of the sixty days, and hence, the suit was not prematurely brought. And, furthermore, the sum demanded is for a sum certain, clearly and specifically shown by the petition and its exhibits, and admittedly correct by the demurrer.

*Reversed and remanded.*