# CHARLESTON.

FRANTZ *et als. v.* COUNTY COURT OF WYOMING CO.

Submitted November 7, 1911.    Decided November 14, 1911.

1.    MANDAMUS—*Persons Entitled to Relief—Interest in Subject Matter—Citizens or Taxpayers.*

A citizen, tax-payer or voter in any proper case may maintain *mandamus* to compel a public tribunal to perform a ministerial duty, imposed upon it by law in favor of the public, without showing any special or pecuniary interest in the performance thereof. (p. 738).

2.    SAME—*Persons Entitled to Relief—Petitioners.*

If such duty arises upon the filing of a petition bearing the signatures of a large number of persons and performance is refused, *mandamus* lies at the instance of one or more of such petitioners to compel performance. (p. 739).

3.    COUNTIES—*County Seat—Re-location—Submission of Question to Vote—Bond.*

The statutory bond, conditioned to pay the legal costs of a special election on the question of re-location of the county seat

of a county, need not be tendered or filed with the petition for submission of such question. It suffices to give the bond at the term at which the petition is filed. (p. 740).

4. SAME—*County Seat—Re-location—Submission of Question to Vote—Time for Holding.*

The filing of a proper petition, in a year in which no general election is to be held, for submission of such question, requires submission thereof at a special election, even though, by reason of delay in filing the petition, the special election must occur in a year in which a general election will be held. (p. 737).

5. SAME—*County Seat—Re-location—Submission of Question to Vote—Proceedings.*

Prevention of the filing of a petition for such an election at a regular session of a county court by a clandestine meeting and immediate adjournment of the term, with intent to prevent it, excuses failure to present or file the petition at such meeting and also lack of a formal demand and amounts to a refusal on the part of the court to receive and act upon the petition. (p. 739).

6. MANDAMUS—*Subjects of Relief—Acts of Public Officers.*

If a county court in regular session adjourn without performance of a ministerial duty, it was bound by law to perform at such session, on behalf of the public, and with intent to avoid performance thereof, a citizen desiring performance of such duty may, by *mandamus,* compel such court to re-convene and perform it. *Quoad* the omitted duty, the term of court is deemed to continue until it has been performed. (p. 740).

Original proceedings by L. N. Frantz and others for *mandamus* to the County Court of Wyoming County and others.

*Peremptory Writ Granted.*

*M. F. Matheney, R. D. Bailey,* and *Farley, Sutphin & Ward,* for petitioners.

*George P. Stewart,* prosecuting attorney, and *Howard & Warrell,* for respondents.

POFFENBARGER, JUDGE:

On this application for a peremptory writ of *mandamus,* to compel the county court of Wyoming county to reconvene, as in regular session, and permit the filing of a petition for an election on the question of relocation of the county seat of said

county, and enter an order providing for such election, lack of pecuniary interest in the relators is relied upon as barring right to relief. Occasionally it is said in the text books and decisions that pecuniary interest in the relator is essential. 19 A. & E. Enc. L. 884; *People* v. *Masonic Lodge,* 98 Ill. 635; *Payne* v. *Staunton,* 55 W. Va. 202; but this generally occurs in those cases in which the relator seeks some alleged right in a corporation or a benefit society by *mandamus.* There are numerous instances in 'which we have granted the writ at the instance of relators having no pecuniary interest in the subject matter. *Doolittle* v. *County Court,* 28 W. Va. 158; *Brown* v. *County Court,* 45 W. Va. 727; *Morgan* v. *County Court,* 53 W. Va. 372; *Mann* v. *County Court,* 58 W. Va. 651. Some of these cases were of the class to which this one belongs, applications by citizens for writs of *mandamus* to compel county courts to perform public functions concerning elections to re-locate county seats. Any substantial interest, whether pecuniary or not, suffices in all cases in which the purpose of the writ is to compel performance of a public duty. Citizens, tax payers and voters in all proper cases may invoke the remedy to compel performance of a duty which a public officer or tribunal owes them, 'without showing any interest other than that they are citizens, tax payers or voters, as the case may be. 26 Cyc. 404; Merrill on Mand. sec. 230. In some jurisdictions, private individuals are not allowed the aid of this writ to enforce performance of public duty, but that is not our rule. Where the courts do so hold, a special or pecuniary interest must be shown to enable a private individual to sue in *mandamus.* Failure to notice the two distinctions here noted, may result in the invocation of inapplicable precedents and judicial expressions.

The right of only five of the 987 petitioners to apply for this writ is also denied by the respondents. It is usual for one of the petitioners to ask for the writ on behalf of himself and all the others; but we do not regard this as essential. Equity principles require all persons interested in the subject matter of an equity suit to be made parties; but those principles seem not to apply in *mandamus.* *Payne* v. *Staunton,* 55 W. Va. 202.

Failure to tender with the petitions a bond, conditioned to pay all legal costs of holding the election, is relied upon as matter of defense. This bond must be given at the term of the

court at which the election is ordered, but it is no part of the petition, nor need it be tendered therewith. Full compliance with the terms and spirit of the statute is effected by giving the bond at that term of court. Nothing more can be required.

Right of the county court to postpone the election for four months and so place it in the year 1912, in which a general election will occur, is invoked as a bar to the relief sought, in reliance upon the statutory requirement for submission of such question at a general election, if one is to be held in the year in which the petition is presented. This position is likewise clearly untenable, for the statute says, if the petition is filed in any year in which no general election is to be held, the question shall be submitted at a special election, to be called by the court and held not less than sixty days nor more than four months from the date of the order. The date of the filing of the petition, not of the election, determines the character and time of the election.

Alleged refusal of the county court to permit tender, presentation or filing of the petition, and denial of the charge raise the main issue. It was circulated and completed for filing at the regular term of the court, commencing on the 4th day of September, 1911. As that was a holiday, the statute authorized postponement of the sitting until the next day, and no meeting was held until after dark and under circumstances strongly indicating intentional secrecy. No business was transacted. No opportunity was allowed any person to be heard. Though many citizens had come to the county seat on business with the court, it did not convene until all, or practically all of them, had returned to their homes, and such as remained, if any, were not advised of the secret meeting. Adjournment "until the first day of the next term" was the sum total of the court's action, and the only ground or cause shown therefor was notice of an application for an injunction against the court, to prevent the issuance of certain orders for work, to be made at Beckley in Raleigh county, on September 7, 1911, a journey to which place required one day. This notice, together with necessity for appearance to resist the application was recited in the adjourning order. Had the court remained in session over Tuesday, September 5th, the members would have had the 6th for

the journey. An adjournment could have been taken until Friday or the following Monday. *Mann* v. *County Court*, 58 W. Va. 651. No necessity for adjournment *sine die* or justification thereof is shown, but such adjournment, if acquiesced in, would have defeated the election. Intent to bring about this result is fairly inferable from the adjournment, followed by a special term for transaction of certain business which ought to have been disposed of at the regular term, but allowing no opportunity for the filing of the petitions. The conduct of the court is hardly reconcilable to any other hypothesis. Having considered all the evidence respecting the intent and motive of the adjournment, we have no doubt that its purpose was to prevent the filing of the petition.

Upon this state of facts, lack of demand by the petitioner and refusal of the court to comply therewith, are insisted upon. Of course, there was no formal demand. The court prevented it by its clandestine meeting and adjournment. The petitioners were upon the ground ready to make the demand at the time appointed therefor by law and would have made it, had not their attempt to do so been frustrated in the manner shown. While this was not a technical, formal demand, it was, under the circumstances, an obvious equivalent thereof. The law does not require an impossibility on the part of an applicant for performance of public duty. Indeed, many authorities hold that no demand therefor need be made. 26 Cyc. 181; 19 A. & E. Enc. L. 759-60. Whether this is the correct principle, we deem it unnecessary to say, inasmuch as an effort to make it is beyond question. The filing of the petition was a requisite precedent act on the part of the petitioners. Likely that would have been a sufficient demand, since the statute makes it the duty of the court, upon the filing of the petition, to order an election. Prevention of performance of this precedent condition excused it, just as an actual tender of money is excused, if the party to whom the tender should have been made signified his intention not to receive it. No reason is perceived why this principle so generally recognized and enforced in other proceedings and relations, should not apply here. It is a salutary and necessary one. But for it, parties would be put to the trouble of vain and useless acts, and rights defeated by pretexts, subterfuges and technicalities. That a formal demand is not necessary and is

often excused by the conduct of the party or tribunal upon whom it would otherwise have been necessary to make it, is asserted by the following authorities: *Attorney General* v. *Boston,* 123 Mass. 460; *Railroad Co.* v. *Commissioners,* 49 Kan. 299; *People* v. *Mahoney,* 30 Mich. 100; *Morton, Bliss & Co.* v. *Controller General,* 4 S. C. 430; *State* v. *Baushausen,* 49 Neb. 558; *United States* v. *Auditors,* 8 Fed. Rep. 473; *Austin* v. *Cahill,* 88 S. W. 542.

The clandestine meeting and adjournment of the term also amounted to a refusal to perform the duty imposed upon the court by the statute in behalf of the petitioners. A formal and express refusal to act is not necessary. Any conduct on the part of the officer or tribunal, under a duty to perform, signifying unequivocal intention not to do so, amounts to a refusal. Merrill on Mand., sec. 225; *State* v. *Trustees,* 4 Nev. 400; *State* v. *Wrightson,* 56 N. J. L. 126; *State* v. *Rotwitt,* 15 Mont. 29; *Brant* v. *Murphy,* 68 Miss. 84; *State* v. *Board,* 38 N. J. L. 259; *Goodwin* v. *Railway Co.,* 13 U. C. C. P. 254; *People* v. *Supervisors,* 20 N. Y. 252. It has been held that refusal or conduct amounting thereto, in advance of the time of performance, justifies the awarding of the writ in advance of such time; *Brandt* v. *Murphy,* cited, *State* v. *Wrightson,* cited, *State* v. *Rotwitt,* cited; and also the unreasonable delay, with the manifest intention not to perform, will sustain an application for the writ. *Mandamus,* though an extraordinary writ, cannot be averted or denied upon unsubstantial and pretextual grounds. It is a highly remedial writ. Though extraordinary in the sense that it is designed to give relief under conditions which make the delay of ordinary remedies highly prejudicial or such remedies wholly inapplicable, when such a case arises, the remedy is not to be barred by shifts, devices or subterfuges. If it could be, it would prove ineffectual, in many instances, to accomplish its obvious purpose.

In opposition to the inference of intent to prevent the filing of the petitions and so avoid the sequential duty imposed upon the court, lack of evidence of knowledge on the part of the court of the purpose of the petitioners to file the same is insisted upon. Ignorance of the circulation thereof, on the part of the members of the court, is hardly probable. They must have gone all

over the county and the fact of their circulation been notorious. Besides, the uselessness of an adjournment of a regular term of the court without the transaction of any business whatever imports purpose and design to prevent the transaction of some sort of business. However, we need not rest our conclusion upon mere inference. There is positive testimony to the admission of knowledge on the part of one or more of the commissioners of the existence of the petitions and also of purpose and intent on their part to prevent the filing thereof in the manner in which it was done, namely by a clandestine meeting and adjournment of the term.

In response to the argument against the power of this Court to re-convene the county court for the purpose of permitting the filing of the petition and action thereon, it suffices to quote the following declaration of law in *Mann* v. *County Court*, 58 W. Va. 651: "A court or other tribunal, charged with the performance of a mandatory duty at a given term or session, which adjourns without having performed such duty, may be reconvened and compelled to perform such duty, by *mandamus*, and the act, when so done, will be deemed to have been performed at the term or session at which the law required it to be done." In that case, we held that, as to the matter of action upon a petition for an election on the question of relocation of a county seat, there had been no adjournment of the regular term. The court was still in session for the purpose of that petition, provided proper steps were promptly taken to compel it to act upon the same. The county court and parties in that case presumably had no difficulty in following our direction, since this Court heard no more of the controversy; and, if the parties interested in this one, are disposed to obey the mandate of this Court in good faith, they will have no difficulty in complying therewith. It is only necessary for them to agree upon as early a date as may be practicable and meet and allow the petition to be filed and act upon it in accordance with law. How they shall proceed is very clearly indicated in *Doolittle* v. *County Court*, 28 W. Va. 158, and *Mann* v. *County Court*, 58 W. Va. 651. These directions need not be repeated here.

For the reasons stated, a peremptory writ of *mandamus* will be awarded, commanding the county court of Wyoming county and the commissioners thereof forthwith to re-convene and per-

mit the petitions, mentioned and described in these proceedings, to be filed and act upon the same in accordance with law.