## CHARLESTON.

STATE *ex rel.* HEIRONIMUS v. TOWN OF DAVIS *et al.*

Submitted June 15, 1915.   Decided June 22, 1915.

MANDAMUS—*Subjects of Relief—Municipal Elections—Right of Citizen.*
  The officers composing the common council of the Town of Davis, are under clear legal duty, by Code 1913, ch. 47, and ordinances made in pursuance thereof, to cause an election to be held annually

in the town, and, where they fail to hold such election on the date named by law, mandamus will lie on behalf of a citizen of the town to compel them to hold the election on a later date.

(LYNCH, JUDGE, absent.)

Error to Circuit Court, Tucker County.

Proceedings for mandamus by the State, on the relation of R. D. Heironimus, against the Town of Davis and others. Judgment denying relief, and relator brings error.

*Reversed, and peremptory writ issued.*

*R. D. Heironimus,* for plaintiff in error.

*Frank C. Reynolds,* for defendants in error.

ROBINSON, PRESIDENT:

The Town of Davis is a municipal corporation under Code 1913, ch. 47. By that statute, sec. 17, the officers of the town "shall be elected on every first Thursday of January, at such place in the town   *   *   *   and under such supervision, rules and regulations, not inconsistent with the laws regulating district elections, as the council may prescribe." An ordinance of the town made in keeping with this statutory provision, provides "that the annual town election shall be held on the first Thursday in January, at such place, or places, as the council may designate." Thus we see that the law fixes a time for the holding of the general town election annually, and provides virtually that the council shall provide for the holding of the same. Moreover, certain provisions of the general election laws are applicable to the holding of municipal elections. By those provisions it is the duty of the council to prepare for the holding of the town election by the appointing of election officers, the furnishing of the election paraphernalia, and the doing of other necessary things. While the law itself calls the election and does not provide for a special proclamation by the mayor or council to call the same, yet the law provides in effect that the council shall cause the election to be held by making all the preparations for it which are essential to its holding. The town officers must open the polls. They must see that the electorate are given the opportunity to vote. In a sense the council must

76 W. Va.

hold the election which the law calls. In many towns it is usual for the mayor or council to emphasize the coming of the election, and to call attention to the preparations made for it, by published notices proclaiming the time and places for its holding and other things in connection therewith. The doing of this, though not specially provided for, is perhaps incidental to the provisions of the law for the holding of town elections. It is at least good practice. That practice had generally been observed in the Town of Davis until the instance out of which arises this case.

For the annual town election which the law prescribed to be held on the first Thursday in January, 1915, the council of the Town of Davis made no preparation whatever. No election was held. The members of the council for the preceding year continued to hold over. More than this, the record of the council shows that "in view of the fact that no election was held" the members of the council declared themselves "elected to their respective positions for the ensuing year", and issued certificates of election to themselves. After they so declared themselves elected and entitled to hold for another year, Heironimus, a citizen, voter, and taxpayer in the town, sought the writ of mandamus to compel them to cause to be held the annual election which he avers they neglected to bring about as the law enjoined them to do. The circuit court upon returns of the town and its officers to the alternative writ, denied the relief sought. To such judgment Heironimus prosecutes writ of error.

The substance of the returns to the alternative writ is that Heironimus allowed the day fixed by law to go by without demanding an election to be held, that he is not acting in good faith and for ulterior motives in now demanding an election, and that it was generally conceded by the people of the town that no election should be held, because they were satisfied with the present officers, and the holding of no election would save expense. But to us it seems clear that these considerations can not excuse the neglect of that which the law enjoined upon the officers composing the common council of the town—the causing of an election of persons to succeed them. There was no duty upon Heironimus to demand that these officers do their legal duty. It was to be

assumed that they would do without other demand what the
law commanded them to do. Nor does it appear that the
relator is barred on consideration of bad faith or ulterior
motives from the enforcement of the legal right on which
he relies. And, though every person in the town may have
been in every way satisfied with the officials in office and de-
sired to retain them, or to save the expense of an election,
the law provided for an election nevertheless. It made no
provision for the continuance of officers beyond their terms
whenever the people were satisfied with them or would like to
save expense of an election. The law said that there should
be an election in any event, the expense not withstanding. It
contemplated that if the people were satisfied with the town
officials, they could re-elect them.

It is argued that the relator was not a candidate and was
deprived of no special or pecuniary right. But as a citizen,
voter, and taxpayer in the Town of Davis, he may maintain
mandamus to compel the council to perform a ministerial
duty imposed on it by law in favor of the public. This he
may do though he has no special or pecuniary interest in the
performance of the duty. *Frantz* v. *County Court*, 69 W. Va.
734.

It is further submitted that the law fixes a day for the elec-
tion and does it so mandatorily that an election can be held
on no other day. True, the provision of the law fixing a
particular day for the holding of the election is in a sense
mandatory. It is intended to be obeyed. But, in another
sense it must be considered directory. 2 Kent's Comm. 295;
*State* v. *Smith*, 22 Minn. 218; *State* v. *County Commissioners*,
25 Md. 576. May the council of the town by plain dis-
obedience of this minor mandate as to the time, deprive the
citizens of the greater mandate that they shall have an elec-
tion annually? May it, by disobedience of a mere particular
embraced in the whole of the grant to the citizens of a legal
right, exonerate itself from disobedience of the whole?
Assuredly not. That the council may be compelled by man-
damus to reconvene and do that which it was enjoined by the
law to do at a particular time before, is only the requirement
of reason and right. *Frantz* v. *County Court, supra.* The
same officers are in office. They hold over only by virtue of

their original election, not on the pretended election by themselves. Nothing has put it beyond their power to do that which they should have done before. Surely they can not take advantage of the fact that the day fixed for the election has passed. They themselves allowed it to pass. They can not thwart the right of the citizens to an election by allowing the date fixed therefor to pass, and thus rely on their own wrong to justify a greater wrong on their part. That they may defeat and nullify the law providing for an annual election by simply neglecting or refusing to obey it, is a startling proposition which does not meet our approbation.

The point we are considering is by no means new. In *People* v. *Trustees of the Town of Fairbury*, 51 Ill. 149, the court held: "When the president and board of trustees of a town incorporated under the general law, have neglected to give the requisite notice for holding the annual election for the new board, within the year for which they were elected, as prescribed by law, and refuse afterwards to give notice and call a meeting of the qualified voters of such town, for the election of their successors in office, a mandamus will be awarded, compelling them to do so."

It was argued in *McConihe* v. *McMurray*, 17 Fla. 239, that mandamus would not lie to compel the holding of an election, because the day fixed by law for it had passed. The matter was dismissed in this wise: "Nor is it any objection that the precise date at which the election was to be held has passed. Such a doctrine would practically abolish the remedy by mandamus in such cases. The writ does not lie before, but only after default in the performance of a ministerial duty, and if it be a good defense to allege that the time fixed for its performance has passed, it is evident that the ground upon which you must base your application for the writ becomes a sufficient reply to the alternative writ when granted."

Again, in *State* v. *Young*, 6 S. D., 406, we read: "If the annual election has not been called and held upon the day designated in the village charter, and the president and board of trustees neglect to call an election upon the demand of an elector and taxpayer of such village, the circuit court has power by mandamus to compel said president and trustees to call such an election, and provide the necessary

ballots, booths, and judges for holding the same.'' A further quotation from that case is peculiarly pertinent here: ''It would be intolerable that a president and board of trustees of a village could perpetuate themselves and the other village officers in office indefinitely, by neglecting to perform their duty of calling an election, providing ballots, booths, judges, etc. Such neglect of duty cannot be beyond the correction of the courts, and if the officers do not choose to act, the court will set them in motion, and see that the right of the electors to elect and be governed by officers of their own selection shall not be either denied or prevented.''

It is plain from the record that the relator shows a clear legal right to the writ of mandamus. The judgment of the circuit court will be reversed, and the judgment which that court should have entered will now here be entered. It will therefore be ordered that the peremptory writ of mandamus prayed for do issue, commanding the holding of the election which should have been held for the Town of Davis on the first Thursday of January last, on as early a date to be fixed by the council as may be consistent with the provisions of law relative to preparations for the same.

*Reversed, and peremptory writ issued.*