# CHARLESTON.

STATE *ex rel.* J. M. LORENTZ v. W. S. PIERSON, MAYOR, ETC. *et als.*

Submitted May 20, 1920.    Decided May 20, 1920.

Opinion filed July 8, 1920.

1. MANDAMUS—*Alternative Writ Held Sufficiently Executed to Justify Issuance of Peremptory Writ.*

An alternative writ of mandamus issued in a proceeding brought to compel the common council of a municipal corporation organized under Chapter 47 of the Code to perform a duty required by law to be performed by it, is sufficiently executed to justify the issuance of a peremptory writ if served personally upon a majority of the members of such council and upon the remaining members by delivery to their respective wives at their residences, in their absence from the county. (p. 534).

2. ELECTIONS—*Election Held at a Time Different from That Required by Law is Void.*

An election required by law to be held at a particular time will be void if held at a time different from that appointed by law, unless its holding at a different date is compelled by a court of competent jurisdiction. (p. 535).

3.   MANDAMUS—*Writ Lies to Compel Municipal Officers Failing to Hold Election to Hold it at a Later Date.*

If the officers of a municipal corporation organized under Chapter 47 of the Code, fail to hold the election provided by sec. 17 of that Chapter at the time therein appointed, they may be compelled by mandamus to hold such election at a later date.   (p. 535).

.Original mandamus by the State, on relation of J. M. Lorentz, against W. S. Pierson, Mayor of the town of Henry, and others, to compel the council of the town to provide for holding an election which should have been held on a former date.

*Peremptory writ awarded.*

.*J. E. Springston,* for relator

*R. C. Eakle,* for respondents.

RITZ, JUDGE:

The Town of Henry is a municipal corporation organized under the provisions of Chapter 47 of the Code.   It is required by law to hold an election on the first Thursday of January of each year for the purpose of selecting a Mayor, recorder and five councilmen, who together constitute the common council. On the first Thursday in January of the present year no election was held in said town, but an election was attempted to be held on the second Thursday in January.   The Council deemed this election void because not held at the time appointed by law and refused to canvass the returns thereof.   The relator, also deeming such election abortive, applied for this writ of mandamus to compel the council to at once provide for holding the election which should have been held on the first Thursday in January.

It is insisted by the respondents that the peremptory writ should not issue because the alternative writ was executed as to two members of the council by delivering a copy thereof to their respective wives, they being absent from the county, but as to the Mayor, recorder and the remaining members of the council, it was executed by personal service upon them.   It is quite true that where a duty is sought to be compelled by mandamus, service of the alternative writ should be made upon the officers or officer whose duty it is to do the thing commanded. 26 Cyc. 475.   There would seem to be no reason, however, why

substituted service should not be held sufficient unless it is sought to enforce the command of the writ by a rule for contempt, and particularly is this true where personal service has been had upon a majority of the body against which the writ runs, so that in case of a refusal to perform a rule for contempt could be issued against those members personally served in whose power it lies to perform the thing commanded. *State v. Jones*, 23 N. C. 129. In *Cross* v. *Ry Co.*, 34 W. Va. 742-747, it was held that the alternative writ might be served upon a railroad director who was sought to be ousted from office, by order of publication where he was a non-resident of the State. To hold that to make the writ effective against any of the respondents, it must be personally served upon all of them would put it in the power of one member of a body, such as we are dealing with here, to prevent the courts from furnishing any relief to one aggrieved by a failure to perform a duty required to be performed. We are of opinion that where personal service has been had upon a majority, constituting a quorum, of the body that is required to act, the writ should not be denied because the other members were notified by substituted service.

The writ should not issue, however, if the election held on the second Thursday in January is valid. Instead of a writ to compel the holding of an election a writ should be sought to compel the council to canvass the returns of that election. Sec. 17 of Chapter 47 of the Code provides that the election of officers for such municipalities as are incorporated thereunder shall be held on the first Thursday of January of each year. No authority is given to the council or any other municipal authority to hold it on any other day. It is held with practical unanimity that where a particular time is fixed by law for the holding of an election the body charged with executing such law may not fix a different date therefor. If such election is held on another day than that fixed by law, it will be void. 9 R. C. L. Title "Elections", sec. 19; 15 Cyc. 341. To allow those charged with the execution of the election laws to change the time for holding elections to suit the convenience or interest of themselves or their friends would result in fraud and injustice to such an extent that the title of every officer would be brought into disrepute. If the officers charged with the duty of holding

an election at a particular time, fail to discharge that duty, the only remedy is to appeal to the courts to compel its performance by the writ of mandaums. *State ex rel. Heironimus* v. *Town of Davis,* 76 W. Va. 587.

The peremptory writ of mandamus prayed for will issue.

*Peremptory writ awarded.*