STATE *ex rel.* L. E. WOOFTER

*v.*

TOWN OF CLAY, JACK SHELTON, MAYOR,
J. D. MORRIS, RECORDER, *et al.*

(No. 12474)

Submitted June 4, 1965.          Decided June 4, 1965.

Opinion Filed June 22, 1965.

*Donald C. Carman,* for relator.

*James W. Reed,* for repondent.

BERRY, JUDGE:

This proceeding in mandamus was instituted in this Court on June 3, 1965 by the petitioner, L. E. Woofter, a citizen,

resident, taxpayer, registered voter and candidate for mayor of the Town of Clay, West Virginia, against the Town of Clay, Jack Shelton, Mayor, J. D. Morris, Recorder, Gale Dunn, Orval Nugen, A. A. Smith, Sterling J. Wilson and Carl L. Wilson, Councilmen, Members of the Common Council of the Town of Clay, requesting this Court to issue a rule for the defendants to show cause why a peremptory writ of mandamus should not be issued against them compelling them to hold in the Town of Clay a regular election at the earliest date possible to be fixed by the defendants as may be consistent with the laws made and provided therefor. The petition, not denied by defendants, alleged that the proper date for the regular election was June 1, 1965, the first Tuesday of June, but that defendants, upon demand, had refused to hold it then and had instead set the election for June 8, the second Tuesday of June, 1965, and had issued notices therefor.

The rule prayed for was issued returnable June 4, 1965, at which time the defendants appeared by counsel and stated in open court that they did not resist the issuance of the writ prayed for and upon argument and brief of counsel for the petitioner a peremptory writ of mandamus was issued directing the defendants to forthwith cause an election to be held in the said Town of Clay, for the purpose of electing a mayor, recorder and five members of the Common Council for the Town of Clay, West Virginia, at the earliest date possible to be fixed by the Common Council as may be consistent with the law for holding said election. The order entered on June 4, 1965 requiring said election to be held provides that a written opinion may be filed at a later date stating the reasons for the issuance of said writ.

The issue involved in this proceeding is quite simple. It merely involves the authority of the defendants for the holding of a municipal election. Such matter is controlled by statute. Code, 8-3-4. This statute, in effect since 1931 and now only applying to non-home rule cities, clearly states that such elections shall be held biennially on the first Tuesday in June.

It has been held by this Court that if such regular elections are not held as required by law on the date provided for such elections mandamus will lie to compel the Common Council to hold such election. *State ex rel. Heironimus* v. *Town of Davis et al.,* 76 W. Va. 587, 85 S. E. 779; *State ex rel. Lorentz* v. *Pierson,* 86 W. Va. 533, 103 S. E. 671; *State ex rel. Gay et al.* v. *City of Buckhannon et al.,* 96 W. Va. 380, 123 S. E. 182; *State ex rel. Kirk et als.* v. *Curry, Mayor,* 98 W. Va. 72, 126 S.E. 489.

It has been held that any election required by law to be held at a particular time will be void if it is held at a time different from that required by law unless such election is directed and compelled to be held at a different date by a court of competent jurisdiction. *State ex rel. Lorentz* v. *Pierson, supra.* The time prescribed by law for the holding of a municipal election in the State of West Virginia, applicable to the Town of Clay, having passed at the time the petition for mandamus was instituted in this Court, the holding of such election at any other later time by the Common Council of the Town of Clay would have therefore resulted in an invalid election unless this Court had directed the said Common Council of the Town of Clay to hold such election. *State ex rel. Heironimus* v. *Town of Davis et al., Supra; State ex rel. Lorentz* v. *Pierson, supra.*

It therefore clearly appears from the laws made providing for the holding of such election and the authorities pertaining thereto that the relief prayed for by the petitioner in the case at bar should be granted and for the reasons stated herein the writ was granted as stated herein on June 4, 1965, in order that the Town of Clay may proceed with a legal election to elect the mayor, recorder and council members.

*Writ granted.*